

**SO ORDERED,**

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: July 12, 2021**

The Order of the Court is set forth below. The docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:  BENJAMIN T. HOWSE | CASE NO. 17-51655-KMS |
| DEBTOR | CHAPTER 7 |
| DEREK A. HENDERSON, Trustee<br>for the bankruptcy estate of Benjamin T. Howse | PLAINTIFF |
| V. | ADV. PROC. NO. 19-06034-KMS |
| LAURA C. HOWSE | DEFENDANT |

### OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on cross-motions for summary judgment on a complaint to set aside alleged fraudulent transfers: Defendant's Motion for Summary Judgment, ECF No. 26, by Laura C. Howse, non-debtor wife of Debtor Benjamin T. Howse ("Wife"), with Response in opposition, ECF No. 31, by Plaintiff Chapter 7 Trustee Derek A. Henderson; and Trustee's Counter Motion for Summary Judgment, ECF No. 34, with Response in opposition, ECF No. 39, by Wife. Count I of the Complaint seeks to set aside Debtor's alleged fraudulent transfer to Wife of Debtor's interest in the proceeds of the sale of the couple's home. Trustee brings this count under section 15-3-107 of Mississippi's Uniform Fraudulent Transfer Act (MUFTA), using his avoidance powers under § 544(b) of the Bankruptcy Code. Count II seeks to set aside several

alleged fraudulent transfers made through checks Debtor wrote to Wife from the couple's joint bank account. Trustee brings this count under § 548 of the Bankruptcy Code. Count III seeks either turnover of the funds sought under Counts I and II or a monetary judgment under § 550 of the Bankruptcy Code.

As to Count I, Trustee has no cause of action under MUFTA. Consequently, summary judgment is granted in favor of Wife. As to Count II, neither party is entitled to summary judgment because neither party established the extent of Debtor's interest in the funds in the joint account.

## I. Bankruptcy Court's Authority to Enter Summary Judgment

Bankruptcy judges have the authority to enter final orders and judgments in all proceedings that are within the bankruptcy court's core jurisdiction. 28 U.S.C. § 157(b)(1). In proceedings that are non-core, or "otherwise related to" the underlying bankruptcy case, bankruptcy judges may not enter final orders and judgments unless all parties consent. 28 U.S.C. § 157(c)(1)-(2); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S 665, 671 (2015).

Here, all three counts are statutorily core as "proceedings to determine, avoid, or recover fraudulent conveyances," 28 U.S.C. § 157(b)(2)(H). But Count I is based on state fraudulent transfer law, and courts disagree on whether such a claim is therefore constitutionally non-core or whether it becomes core through § 544's invocation of a substantive right under the Bankruptcy Code. *See Guffy v. Brown (In re Brown Med. Ctr., Inc.)*, 578 B.R. 590, 596-97 (Bankr. S.D. Tex. 2016) (surveying cases). That question need not be answered here, though, because both parties explicitly consented to the bankruptcy court's authority to enter final orders and judgment. *See Wellness*, 575 U.S. at 669 ("Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.").

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable by Fed. R. Bankr. P. 7056). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). A party asserting that a fact either is genuinely disputed or cannot be genuinely disputed must support the assertion by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The moving party bears the initial responsibility of informing the court of the basis for its motion and the parts of the record that indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party presents the . . . court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But the nonmovant must meet its burden with more than "metaphysical doubt," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

On cross-motions for summary judgment, each movant must establish the absence of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538-39 (5th Cir. 2004). "If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, the court may render summary judgment." *Id.* at 539.

### III. Count I – Wife's Entitlement to Summary Judgment

#### A. Material Undisputed Facts

The following facts relate only to the alleged fraudulent transfer of proceeds from the sale of the couple's home. They are taken from the list of undisputed facts submitted by Wife and accepted by Trustee and from undisputed facts of record in the underlying bankruptcy case.

1. On August 7, 1992, Debtor and Wife bought a house at 125 Hillcrest Drive in Laurel, Mississippi ("Hillcrest Property").

2. Debtor and Wife owned the Hillcrest Property as tenants by the entirety.

3. In 2011, Debtor pledged the Hillcrest Property as collateral for a $450,000 business line of credit with Regions Bank. Wife was not an obligor on the note, but she executed the deed of trust as required by state law. *See* Miss. Code Ann. § 89-1-29 ("A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse . . . .").

4. On June 15, 2015, Debtor and Wife sold the Hillcrest Property.

5. At the sale's closing, Debtor's loan from Regions Bank was paid in the amount of $351,018.83.

6. After the payment to Regions Bank, $127,377.14 in proceeds remained.

7. The closing attorney wrote Wife a check for $127,377.14 from his escrow account.

4

8. The day after the sale of the Hillcrest Property, on June 16, 2015, Wife bought a house in her name only at 21 Joshbury Circle in Laurel, Mississippi ("Joshbury Property").

9. Wife used at least $63,688.57—half the $127,377.14 proceeds—to pay in part for the Joshbury Property.

10. On August 21, 2017, Debtor filed the underlying chapter 7 case.

11. Wife is not jointly obligated with Debtor on any debt for which a proof of claim was filed.

### B. Conclusions of Law

Avoidance powers under § 544(b) authorize the trustee to use state fraudulent transfer law to recover assets for the bankruptcy estate. 11 U.S.C. § 544(b)(1); *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 260 (5th Cir. 2010) ("If an actual, unsecured creditor can, on the date of the bankruptcy, reach property that the debtor has transferred to a third party, the trustee may use § 544(b) to step into the shoes of that creditor and 'avoid' the debtor's transfer.").[1] The ability to proceed under state statutes, with their associated limitation periods, allows the trustee to avoid transfers that would otherwise not be avoidable under the reachback period of only two years for fraudulent transfers under the Bankruptcy Code. *See* 11 U.S.C. § 548(a)(1). Such is the circumstance here, with a three-year limitation period under MUFTA. *See* Miss. Code Ann. § 15-3-115(a).

---

[1] Trustee did not identify an actual unsecured creditor that could avoid the alleged fraudulent transfer. This failure warrants only a footnote because Trustee's § 544(b) claim is otherwise fatally defective. Nevertheless, a § 544(b) claim requires pleading and proving the existence of an unsecured creditor that could avoid the allegedly fraudulent transfer. 5 *Collier on Bankruptcy* ¶ 548.02[2][a] (Richard Levin & Henry J. Sommer eds., 16th ed.). If there is not at least one creditor with an allowable unsecured claim that could avoid the transfer under applicable nonbankruptcy law, the trustee is powerless to act under § 544(b). *Miller v. United States (In re All Resort Grp., Inc.)*, 617 B.R. 375, 382 (Bankr. D. Utah 2020); *Lassman v. Sergio (In re Sergio)*, 552 B.R. 9, 19 (Bankr. D. Mass. 2016); *Bumgardner v. Simms (In re Simco Mech., Inc.)*, 151 B.R. 978, 983-84 (Bankr. S.D. Fla. 1993); *Coors of N. Miss., Inc. v. Bank of Longview (In re Coors of N. Miss., Inc.)*, 66 B.R. 845, 859 (Bankr. N.D. Miss. 1986). *Collier* advises that because the trustee will eventually have to identify by name at least one "triggering" creditor, it makes sense to do so in the complaint. *Collier* ¶ 544.06[1].

Accordingly, Trustee pleads under MUFTA to recover half the $127,377.14 that remained as proceeds of the sale of the Hillcrest Property after payment of the Region's Bank loan. ECF No. 33 at 19. Under MUFTA, a debtor's transfer is fraudulent as to a creditor if the transfer was made "with actual intent to hinder, delay or defraud any creditor of the debtor." Miss. Code Ann. § 15-3-107(1). Actual intent is determined by considering a nonexclusive list of statutory factors tending to evidence an intent to defraud. *See* Miss. Code Ann. § 15-3-107(2)(a)-(n).

But Trustee cannot recover under MUFTA, because the statute's definition of "asset" as "property of a debtor" excludes "[p]roperty to the extent it is generally exempt under nonbankruptcy law." Miss. Code Ann. § 15-3-101(b)(ii). It is long-settled law in Mississippi that a transfer of exempt property is not fraudulent, regardless of intent. *See, e.g., Joe T. Dehmer Distribs, Inc. v. Temple*, 826 F.2d 1463, 1467 (5th Cir. 1987) (recognizing under Mississippi law that conveyance of homestead by debtor to wife up to amount of homestead exemption does not defraud creditors); *Howell v. Gen. Cont. Corp.*, 91 So. 2d 831, 836 (Miss. 1957) (holding that debtor could convey to wife the extent and value of homestead up to amount of exemption regardless of his intention toward creditors); *Orgill Bros. v. Gee*, 120 So. 737, 738 (Miss. 1928) ("An insolvent debtor may make a valid gift of his property, exempt from execution. . . . A sale thereof is valid, even though made with intent to defraud his creditors.").

Under Mississippi law, the full value of a home held by a debtor and non-debtor spouse in a tenancy by the entirety is not subject to any process that could arise from debts owed only by the debtor, as this Court has previously recognized. *See In re Dixon*, No. 10-51214-KMS, 2011 Bankr. LEXIS 5680, at *24 (Bankr. S.D. Miss. Mar. 31, 2011). A tenancy by the entirety "is not a joint tenancy but is a sole tenancy" and "may exist only in a husband and wife." *Ayers v. Petro*, 417 So. 2d 912, 914 (Miss. 1982). "[E]ach spouse is seised of the whole or entirety and not a divisible part.

6

Thus, the legal fiction is that there is but one estate held by only one 'person'—the marriage itself." *Newton v. Long (In re Estate of Childress)*, 588 So. 2d 192, 194-95 (Miss. 1991) (citation omitted).

Just as real property held by the entirety is exempt from seizure or attachment for debts owed only by the debtor, so also are the proceeds of the sale of the real property. Miss. Code Ann. § 85-3-1(b)(i); *In re Pace*, 521 B.R. 124, 133 (Bankr. N.D. Miss. 2014) (Woodard, J.) (recognizing that on sale of home held by the entirety, any portion of proceeds above amount of homestead exemption "may be distributed only to pay the claims of joint creditors, as bankruptcy should not provide creditors with an advantage to which they are not entitled outside of bankruptcy" (citing *In re Himmelstein*, 203 B.R. 1009 (Bankr. M.D. Fla. 1996); *In re Ginn*, 186 B.R. 898 (Bankr. D. Md. 1995)); *contra In re Skelton*, No. 20-10636-SDM, 2020 WL 7393492, at *3 (Bankr. N.D. Miss. Dec. 16, 2020) (Maddox, J.) ("[I]f the entirety property were sold, the sale proceeds would be divided equally between [Debtor and non-debtor wife], with the Debtor's half subject to the lien." (dictum)).

Applying Mississippi law to the undisputed facts, the proceeds of the sale of the Hillcrest Property, like the real property itself, were exempt from process by any creditor of either individual spouse. Of the total proceeds, $351,018.83 went to Regions Bank to satisfy the lien to which Wife had consented, leaving the $127,377.14 that was conveyed to Wife by the check made out to her from the closing attorney's escrow account. Even if Wife's receipt of the check constituted a transfer from Debtor to Wife, as Trustee argues it does, ECF No. 33 at 4, the transfer was outside MUFTA's scope as proceeds of the sale of exempt property that were also exempt from attachment by Debtor's creditors. Consequently, Trustee has no cause of action under MUFTA.

Initially, Trustee is correct that the event that terminated the tenancy was the sale of the Hillcrest Property. *See* ECF No. 33 at 9. The execution of the deed of sale was an "absolute

alienation" by joint action. *See McDuff v. Beauchamp*, 50 Miss. 531, 536 (Miss. 1874). But then, Trustee argues that termination of the tenancy by sale had the same effect as would termination by divorce, resulting in Debtor and Wife becoming joint tenants, each with a one-half interest in the proceeds.[2] ECF No. 33 at 9 (citing *Shepard v. Shepard*, 336 So. 2d 497, 499 (Miss. 1976)). Trustee goes on to compare the circumstances surrounding the sale of the Hillcrest Property and the purchase of the Joshbury Property to the badges of fraud listed in MUFTA to conclude that he is entitled to summary judgment. *See* ECF No. 33 at 20-30.[3]

But the divorce analogy is inapt; a divorce does not result in proceeds. Under Mississippi law, proceeds of the sale of exempt property—here, the $127,377.14 in proceeds from the sale of the Hillcrest Property—are exempt from claims of all except joint creditors, and no joint creditor filed a claim in this case.

Because Trustee has no cause of action under MUFTA, Wife prevails on summary judgment as to avoidance of a fraudulent transfer under Count I and as to recovery of any of the proceeds of the sale of the Hillcrest Property under Count III.

### IV. Count II – Neither Party's Entitlement to Summary Judgment

#### A. Material Undisputed Facts

The following facts relate only to the alleged fraudulent transfer of funds by Debtor to Wife from the couple's joint checking account. Like the facts related to Count I, they are taken from the

---

[2] Trustee asserts a different argument in his reply brief, that the tenancy terminated when the closing attorney was directed to issue the check to only Wife, that direction being "the functional equivalent" of Debtor quitclaiming the Hillcrest Property to Wife. ECF No. 40 at 4. The Court disregards this argument. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."). Even if the Court were to consider it, this argument would fail for the same reason as the analogy to termination by divorce.

[3] Wife does not dispute the facts that Trustee points to as badges of fraud. *Compare* Wife's Br., ECF No. 27 at 2-5 *and* Wife's Ex. A, ECF No. 39-1, *with* Tr.'s Br., ECF No. 33 at 20-30. But because Trustee has no cause of action under MUFTA, those facts are not material.

list of undisputed facts submitted by Wife and accepted by Trustee and from undisputed facts of record in the underlying bankruptcy case.

1. On August 25, 2014, Howse Implement Company Inc. filed chapter 11 case number 14-51331-KMS in the United States Bankruptcy Court for the Southern District of Mississippi. Debtor was an owner, member, manager, officer, or director of Howse Implement Company Inc.

2. Also on August 25, 2014, Dynamic Investments LLC filed chapter 11 case number 14-51334-KMS in the United States Bankruptcy Court for the Southern District of Mississippi. Debtor was an owner, member, manager, officer, or director of Dynamic Investments LLC.

3. In April 2015, Cornerstone Bank sued Debtor and another defendant in the circuit court of Jones County, Mississippi, for collection of a debt of more than $800,000.

4. Approximately two months later, on June 12, 2015, Cornerstone moved for summary judgment.

5. On May 30, 2017, the Howse Implement Company Inc. and Dynamic Investments LLC bankruptcy cases were dismissed after the companies' assets were liquidated.

6. Debtor and Wife maintained a joint checking account at a local bank.

7. From the account, Debtor wrote checks totaling $19,100 to Wife on these dates and in these amounts:[4]

| | |
|---|---|
| 1/12/2017 | $3500 |
| 3/7/2017 | $1000 |
| 3/24/2017 | $5000 |
| 4/20/2017 | $2000 |
| 5/9/2017 | $5000 |

---

[4] The parties do not dispute that Debtor also wrote Wife a check for $1300 on August 23, 2017. *See* ECF No. 32 at 4. But this date is two days after the case was filed. Consequently, this check could not be a transfer that was made "on or within 2 years before the date of the filing of the petition," 11 U.S.C. § 548(a)(1). The fact of the $1300 check is therefore not material.

| | |
|---|---|
| 6/30/2017 | $2000 |
| 7/31/2017 | $600 |

8. On August 21, 2017, Debtor filed the underlying chapter 7 case.

9. Debtor scheduled assets of $30,000 and liabilities of $14,065,943 in the case.

10. Eight claims totaling $3,638,993.59 were filed in the case.

### B. Conclusions of Law

A fraudulent transfer under § 548 may be alleged as actually fraudulent or constructively fraudulent. Trustee alleges both actual and constructive fraud as to the checks Debtor wrote to Wife. *See* ECF No. 33 at 31. A claim alleging actual fraud requires the trustee to prove a transfer of the debtor's interest in property, voluntary or involuntary, made on or within two years before the filing of the bankruptcy case and "with actual intent to hinder, delay, or defraud" a creditor. 11 U.S.C. § 548(a)(1)(A). Intent is established by identifying "badges of fraud" in the circumstances surrounding the transfer. *Soza v. Hill, (In re Soza)*, 542 F.3d 1060, 1067 (5th Cir. 2008) (listing six badges of fraud tending to evidence intent to defraud under § 548). Constructive fraud requires proof of all the elements of an actually fraudulent transfer except intent. Instead, the debtor must have received less than reasonably equivalent value in exchange for the transfer and been financially vulnerable in one of four statutorily enumerated ways. 11 U.S.C. § 548(a)(1)(B).

Whether for actual fraud or constructive fraud, Trustee must show that there was a transfer of Debtor's interest in property. The first question, then, is what interest Debtor had in the joint account. As to this question, neither party has established the absence of a genuine issue of material fact.

"Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). Under Mississippi law, "joint accounts are presumed to be vested in the names of

the account depositors as equal contributors and owners in the absence of evidence to the contrary; however, intent of the parties is the controlling factor." *Stevens v. Smith*, 71 So. 3d 1230, 1234 (Miss. 2011) (citing *Drummonds v. Drummonds*, 156 So. 2d 819, 821 (Miss. 1963)). The absolute right of each joint account holder to withdraw the funds does not resolve the question of who owns the funds. *Id.* at 1236 (citing *Smith v. Smith*, 656 So. 2d 1143, 1148 (Miss. 1995)).

When deciding ownership of joint accounts, Mississippi courts have identified the following indicia of the parties' intent:

- Extent to which each party contributed funds. *See Oliver v. Oliver*, 812 So. 2d 1128, 1133 (Miss. Ct. App. 2002) (intestate father's surviving son had never contributed any funds to account held with father and stepmother); *Delta Fertilizer, Inc. v. Weaver*, 547 So. 2d 800, 801 (Miss. 1989) (no documentation as to source of funds in accounts held by widow and her son and daughter); *Drummonds*, 156 So. 2d at 821 (no specific proof as to what extent husband and wife each contributed to account).

- Whether a party's name was on the account only for another account holder's convenience. *See Oliver*, 812 So. 2d at 1133-34 (son on account as "mere accommodation" to father and stepmother when account had been treated as the couple's primary checking account during course of their marriage without participation from son); *Delta Fertilizer, Inc.*, 547 So. 2d at 801 (son and daughter on accounts with widow who had lost her eyesight and testified she could not handle money anymore).

- Whether a party wrote checks on the account and, if yes, whether the checks were written for exclusively personal purposes. *See Oliver*, 812 So. 2d at 1133 (son had never written checks on account held with father and stepmother); *Deposit Guar. Nat'l Bank v. Pete*, 583 So. 2d 180, 183 (Miss. 1991) (contractor who held joint construction account with

11

homeowner "obviously considered he 'owned' some of this money, because he wrote checks to pay his own debts"); *Cupit v. Brooks*, 112 So. 2d 813, 814 (Miss. 1959) (husband used joint account to pay bills and write checks for support of children from first marriage).

Here, the undisputed facts do not address the question of who owns the funds in the joint account. Given the presumption that the parties are equal owners, where are Trustee's facts establishing Debtor's sole ownership of the funds, since Trustee asserts that 100% of the amount of each check was fraudulently transferred? Where are Wife's facts establishing what part of the funds transferred were hers? Wife's brief in support of her motion could be read to say that all the funds in the joint account came from Debtor. *See* ECF No. 27 at 12-13 ("[E]ven though the deposits to the account are from Benjamin Howse, the funds are used by both parties in support of the household. . . . [T]he transfers of the account funds to Laura Howse were to provide funds for household expenses."). But even if this statement is treated as an admission,[5] the source of the funds in a joint account is but one indicium of the parties' ownership intent.

"[The court] has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact." *G & B Invs., Inc. v. Henderson (In re Evans)*, No. 10-00040-NPO, 2011 WL 671806, at *4 (Bankr. S.D. Miss. Feb. 18, 2011) (citing *Kunin v. Feofanov,* 69 F.3d 59, 62 (5th Cir.1995); *Black v. J.I. Case Co.,* 22 F.3d 568, 572 (5th Cir.1994); *Veillon v. Expl. Servs., Inc.,* 876 F.2d 1197, 1200 (5th Cir.1989)). Here, the parties will proceed to trial on Count II.

---

[5] Statements in briefs may be treated as binding judicial admissions of fact. *Stallard v. United States*, 12 F.3d 489, 495-96, 496 n.27 (5th Cir. 1994) (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988)) (holding that government was bound by admissions including those made in summary judgment brief); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2723 (4th ed.), Westlaw (database updated April 2021) (stating that admissions in a summary judgment brief "are functionally equivalent to 'admissions,' which are expressly mentioned in Rule 56(c)(1)(A)").

## V. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 26, is **GRANTED** as to Count I and as to Count III as applicable to Count I and **DENIED** as to Count II and as to Count III as applicable to Count II, and

**FURTHER ORDERED** that Trustee's Counter Motion for Summary Judgment, ECF No. 34, is **DENIED** in its entirety.

*##END##*